USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-

ROMAN VASQUEZ

        *Defendant.*

------------------------------------------------------------X

13 Cr. 617 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Roman Vasquez, *pro se*, filed a motion requesting a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The Court denies the motion.

Vasquez's motion appears to reference Amendments 782 and 788 to the United States Sentencing Guidelines, which instituted a two-level, retroactive reduction to the Guidelines base offense level for certain categories of drug-related offenses. To be eligible for a sentence reduction pursuant to Section 3582, Vasquez's sentence must be "based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Vasquez's sentence of 60 months in prison, however, is based on a statutory minimum mandated by 21 U.S.C. § 841(b)(1)(B) & 846. Accordingly, Vasquez is not eligible for a sentence reduction pursuant to Section 3582. *See United States v. Williams*, 551 F.3d 182, 186 (2d Cir. 2009) ("[Defendant] is ineligible for a modification of his sentence under § 3582(c)(2) because his sentence was based on the statutory mandatory minimum . . . .").

Furthermore, there is no basis for Vasquez's equal protection argument. *See United States v. Alvarez*, 29 Fed. App'x 659, 662 (2d Cir. 2002) (summary order) (rejecting equal

1

protection claim based on disparate sentences because the "sentencing factors properly applicable to defendant and his co-defendants were different").

The Court denies Vasquez's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

Dated: New York, New York
       September 29, 2017

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge